PER CURIAM.
In response to recent legislation, The Florida Bar’s Probate Rules Committee (Committee) has filed an out-of-cycle, fast-track report of proposed amendments to the Florida Probate Rules. We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(e).
The Committee proposes amendments to rules 5.240(a)(8) (Notice of Administration; Service) and 5.260(f) (Caveat; Proceedings; Other Interested Persons; Before Commencement). The proposed amendments are in response to statutory changes made by chapter 2013-172, Laws of Florida, which went into effect on October 1, 2013. See ch.2013-172, § 21, Laws of Fla. (providing effective date). The Board of Governors’ Executive Committee unanimously approved the amendments. The Committee did not publish the amendments before filing them with the Court.
After considering the Committee’s proposals and reviewing the relevant legislation, we amend the Florida Probate Rules as proposed. The amendment to rule 5.240(a)(3) changes the reference to subsection (14) of section 736.0103 to subsection (16). See ch.2013-172, §§ 9, 17, Laws of Fla. (redesignating subsection (14) of section 736.0103, Fla. Stat. (2012), defining “qualified beneficiary,” subsection (16); amending § 733.212(l)(c), Fla. Stat. (2012), to delete reference to subsection (14) of section 736.0103). The amendment to rule 5.260(f) conforms the rule to the change to section 731.110(3), Florida Statutes (2012) made by chapter 2013-172, section 5, Laws of Florida. Consistent with the statutory change, the rule is amended to add language clarifying that “a caveator is not required to be served with formal notice of its own petition for administration.”
Accordingly, we amend the Florida Probate Rules as reflected in the appendix to this opinion. New language is underscored, and deleted language is struck through. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective immediately upon the release of this opinion. Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[1]
It is so ordered.
*719 POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX
RULE 5.240. NOTICE OF ADMINISTRATION
(a) Service. The personal representative shall promptly serve a copy of the notice of administration on the following persons who are known to the personal representative and who were not previously served under section 733.2128, Florida Statutes:
(1) the decedent’s surviving spouse;
(2) all beneficiaries;
(3) a trustee of any trust described in section 733.707(3), Florida Statutes and each qualified beneficiary of the trust as defined in section 736.0103(14X16), if each trustee is also a personal representative of the estate; and
(4) persons who may be entitled to exempt property
in the manner provided for service of formal notice. The personal representative may similarly serve a copy of the notice on any devisee under another will or heirs or others who claim or may claim an interest in the estate.
(b)-(e) [No Change]
Committee Notes
Rule History
1977 Revision — 2011 Revision [No Change]
2013 Revision: Updated statutory reference in subdivision (a)(3). Committee notes revised.
Statutory References
[No Change]
Rule References
[No Change]
RULE 5.260. CAVEAT; PROCEEDINGS
(a)-(e) [No Change]
(O Other Interested Persons; Before Commencement. After the filing of a caveat by an interested person other than a creditor, the court must not admit a will of the decedent to probate or appoint a personal representative without service of formal notice on the caveator or the cave-ator’s designated agent. A caveator is not required to be served with formal notice of its own petition for administration.
Committee Notes
[No Change]
Rule History
1977 Revision — 2011 Revision [No Change]
2013 Revision: Subdivision (f) is updated to provide that a caveator is not required to be served with formal notice of its own petition for administration. Committee notes revised.
Statutory Reference
[No Change)
Rule Reference
[No Change]

. All comments must be filed with the Court on or before January 27, 2014, with a certificate of service verifying that a copy has been served on the Committee Chair, Marsha G. Madorsky, 100 S.E. 2nd Street, Suite 4200, Miami, Florida 33131-2113, mmadorsky® carltonfields.com, and on the Bar Staff Liaison to the Committee, Heather Telfer, 651 E. Jefferson Street, Tallahassee, Florida 32399-2300, htelfer@flabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until February 17, 2014, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Portal in accordance with In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment must be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004). Electronically filed documents must be submitted in Microsoft Word 97 or higher. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.